LAMKIN v ENGRAM

Docket No. 303008. Submitted March 13, 2012, at Detroit. Decided
    March 15, 2012, at 9:10 a.m.

Mary Ann Lamkin filed petitions in the Livingston Circuit Court for
    personal protection orders (PPOs) against Daniel Engram for
    what Lamkin deemed to be harassing behavior. The parties were
    neighbors. Engram and his family and visitors used an easement
    through Lamkin's property. Lamkin filed Supreme Court Admin-
    istrative Office Forms CC 377 (petition for personal protection
    order against stalking, nondomestic) and CC 380 (personal protec-
    tion order, nondomestic). Although Lamkin did not request an ex
    parte order on either petition form, she maintained that the court
    clerk refused to process the petitions unless they were treated as
    ex parte requests. The court, David J. Reader, J., denied her
    petition without holding a hearing on the facts alleged or inter-
    viewing Lamkin even though she had not requested ex parte relief
    on either form. Lamkin moved for relief from the judgment or
    reconsideration and specifically requested that a hearing on the
    petitions be scheduled. Judge Reader thereafter disqualified him-
    self, and the case was reassigned to Judge Carol Hackett Gara-
    giola, who denied Lamkin's motion, again without a hearing or
    Lamkin's being interviewed. Lamkin filed an additional motion for
    reconsideration and requested a hearing or interview. Judge
    Garagiola also denied that motion, concluding that Lamkin had
    failed to present a palpable error warranting a different disposi-
    tion. Lamkin appealed.

    The Court of Appeals held:

    MCL 600.2950a(1) governs PPOs for nondomestic matters. A
    petitioner may seek a PPO to enjoin conduct prohibited under MCL
    750.411h, 750.411i, or 750.411s. Unless a petitioner specifically
    requests an ex parte order or the circuit court refuses to enter an ex
    parte order and the petitioner does not subsequently request a
    hearing, MCR 3.705(B)(1)(a) requires the court to hold a hearing or
    interview the petitioner when considering a petition for a PPO. The
    court rule requires the court to consider the testimony, documents,
    and other evidence proffered to determine whether a respondent
    engaged in the proscribed conduct. A petitioner seeking a PPO bears

the burden of proving reasonable cause for its issuance. When the basis for a PPO petition is a violation of MCL 750.411h, as here, the petitioner must demonstrate that the respondent engaged in behavior that constituted stalking. The circuit court erred by treating Lamkin's petitions as ex parte requests and dismissing them without a hearing or an interview, both of which she repeatedly requested.

Vacated and remanded for further proceedings.

INJUNCTIONS — PERSONAL PROTECTION ORDERS — REQUIREMENTS — HEARINGS.

A petitioner may seek a personal protection order under MCL 600.2950a(1) to enjoin conduct prohibited under MCL 750.411h, 750.411i, or 750.411s; unless a petitioner specifically requests an ex parte order or the circuit court refuses to enter an ex parte order and the petitioner subsequently does not request a hearing, MCR 3.705(B)(1)(a) requires the court to hold a hearing or interview the petitioner when considering a petition for a personal protection order; the petitioner bears the burden of proof, but the court rule requires the court to consider the testimony, documents, and other evidence proffered to determine whether the respondent engaged in the proscribed conduct.

*Godwin Legal Services, PLC* (by *Shaun Godwin*), for Mary Ann Lamkin.

Before: WHITBECK, P.J., and JANSEN and K. F. KELLY, JJ.

K. F. KELLY, J. Petitioner, Mary Ann Lamkin, appeals as of right an order denying her petition for a personal protection order (PPO) against respondent, Daniel Engram. We conclude that the circuit court committed reversible error when it dismissed Lamkin's petition without first interviewing Lamkin or conducting a hearing as required by MCR 3.705. We therefore vacate the circuit court's dismissal and remand for further proceedings.

### I. BASIC FACTS

Lamkin and Engram are neighbors with an obviously contentious relationship. Engram's family and visitors

make frequent use of an easement through Lamkin's property. Lamkin sought a PPO against Engram for what she deemed harassing behavior. To that end, on January 11, 2011, Lamkin filled out State Court Administrative Office (SCAO) Form CC 377, titled "Petition for Personal Protection Order Against Stalking (Non Domestic)," as well as SCAO Form CC 380, titled "Personal Protection Order (Non Domestic)."[1] The petitions alleged that on January 10, 2011, Engram's daughter was "honking and playing loud music across full length of Lamkin property." It also alleged that on February 14, 2009, Engram was involved in an accident on Lamkin's property, causing $1,700 worth of damage and that he left the scene of the accident.

Lamkin's petitions also referred to an "attachment," which Lamkin has included as an exhibit on appeal.[2] The attached document details numerous instances of alleged harassment including (1) speeding by Engram and his family across Lamkin's property, (2) Engram's accident on Lamkin's property and the resulting damage, (3) harassing honking of car horns and blaring music by Engram's daughter and her friends while driving on Lamkin's property, (4) littering on Lamkin's property, (5) use of unlicensed, unauthorized all-terrain

---

[1] In addition to the petition for a personal protection order against Engram, Lamkin filed 10 other petitions for PPOs against Engram's family members and other neighbors. Lamkin's husband, Steve Lamkin, also filed 9 petitions against neighbors.

[2] The attachment is not found within the lower court record. While a party may not expand the record on appeal, *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002), we do not believe that plaintiff is attempting to present evidence not presented before the trial court. Given the numerous PPOs that were sought and the numerous references Lamkin makes to the attachment, we believe that it was simply misfiled in the lower court. As such, we will consider plaintiff's attachment on appeal. Appellee has not filed a brief on appeal or challenged the attachment in any way.

vehicles on Lamkin's property, (6) unauthorized pedestrian use of Lamkin's property, (7) pet defecation on Lamkin's property, (8) malicious destruction and theft of Lamkin's private property, such as property markers and a mailbox, and (9) the making of false statements about Lamkin to a judge.

Both Form CC 377 and CC 380 provide the opportunity to request that a PPO be entered ex parte. Section 6 of CC 377 allows a petitioner to mark a box next to the following language: "I request an ex parte order because immediate and irreparable injury, loss, or damage will occur between now and a hearing or because notice itself will cause irreparable injury, loss, or damage before the order can be entered." Lamkin did not request an ex parte order on Form CC 377. Form CC 380 also has an "ex parte" box to check if a petitioner is requesting the immediate issuance of a PPO without notice to a respondent. Lamkin did not check the "ex parte" box on Form CC 380 either. In spite of the fact that there was no request on either petition, Lamkin maintains that the court clerk refused to process the petitions unless they were treated as ex parte requests.

On January 12, 2011, Family Court Judge David J. Reader denied Lamkin's petitions in an order titled "Order Denying Ex Parte Personal Protection Order," even though ex parte relief had not been requested. The order stated that "[t]here is insufficient statutory basis stated in the petition, and the case should be dismissed." The order also indicated that the "[t]he case is dismissed and file closed." No hearing was held, nor was Lamkin interviewed by the trial court. The standard order form provided:

*NOTE: IF YOU DESIRE A HEARING IN FRONT OF A JUDGE, YOU MUST PETITION FOR SUCH A HEARING WITHIN 21 DAYS OR THIS ORDER BE-*

*COMES FINAL. THE OPPOSITE PARTY MUST BE NOTIFIED OF THE HEARING. THE COUNTY CLERK WILL ASSIST YOU WITH FORMS.*

Two days later, on January 14, 2011, Lamkin moved the circuit court for relief from the judgment or for reconsideration. Lamkin argued that she never intended to apply for an ex parte order and always wanted to have a hearing held on the matter. In her motion, she specifically requested that the court schedule a hearing on her petitions. Thereafter, Lamkin retained legal counsel.

On February 3, 2011, Judge Reader entered an order disqualifying himself and reassigning the case to Judge Carol Hackett Garagiola. On February 18, 2011, Judge Garagiola entered an order denying Lamkin's motion for relief from the judgment or reconsideration. Again, no hearing was held and Lamkin was not interviewed. In dismissing the motion, Judge Garagiola determined that Judge Reader had the authority to dismiss the petitions without a hearing and that Lamkin's claims (that she should not have been required to indicate that she wanted an ex parte motion) were immaterial and irrelevant to the dismissal of the petitions.

Through counsel, Lamkin again moved for reconsideration, arguing that she had attempted to request a hearing when she applied for the PPOs. Lamkin maintained that the clerk would not accept Lamkin's petitions unless she indicated on the form that she was requesting an ex parte hearing. Lamkin also argued that Judge Reader had not conducted an interview with Lamkin and did not inform Lamkin that she could request a hearing if she did so within 21 days. Lamkin argued that the failure to follow the proper Michigan Court Rules denied her the court's adequate consideration of her petitions. Lamkin again requested either a hearing or an interview.

On March 11, 2011, Judge Garagiola entered an order denying Lamkin's motion for reconsideration, concluding that Lamkin had failed to present a palpable error warranting a different disposition. Lamkin now appeals as of right.

## II. ANALYSIS

Lamkin petitioned for the PPOs under the statutory authority of MCL 600.2950a. MCL 600.2950a(1) addresses the issuance of PPOs for nondomestic matters and provides, in relevant part:

> [A]n individual may petition the family division of circuit court to enter a personal protection order to restrain or enjoin an individual from engaging in conduct that is prohibited under section 411h, 411i, or 411s of the Michigan penal code, 1931 PA 328, MCL 750.411h, 750.411i, and 750.411s. Relief under this subsection shall not be granted unless the petition alleges facts that constitute stalking as defined in section 411h or 411i, or conduct that is prohibited under section 411s, of the Michigan penal code, 1931 PA 328, MCL 750.411h, 750.411i, and 750.411s.

The petitioner for a PPO bears the burden of proof. *Kampf v Kampf*, 237 Mich App 377, 385-386; 603 NW2d 295 (1999). Lamkin based her claim on a violation of MCL 750.411h. Therefore, to obtain a PPO under MCL 600.2950a(1), Lamkin had to demonstrate that Engram engaged in behavior that constituted "stalking." "Stalking" is defined in MCL 750.411h(d) as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." To show "harassment," Lamkin needed to establish "repeated or

continuing unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose." MCL 750.411h(c). MCL 750.411h(e) provides a nonexhaustive list of activities that constitute "unconsented contact:"

> (*i*) Following or appearing within the sight of that individual.
>
> (*ii*) Approaching or confronting that individual in a public place or on private property.
>
> (*iii*) Appearing at that individual's workplace or residence.
>
> (*iv*) Entering onto or remaining on property owned, leased, or occupied by that individual.
>
> (*v*) Contacting that individual by telephone.
>
> (*vi*) Sending mail or electronic communications to that individual.
>
> (*vii*) Placing an object on, or delivering an object to, property owned, leased, or occupied by that individual.

Lamkin argues that because she was not interviewed by the trial court or afforded a hearing, she was denied the opportunity to explain how Engram's conduct constituted harassment under MCL 750.411h(c), which was in violation of MCR 3.705. We agree. Lamkin's claim requires interpretation of MCR 3.705. The interpretation and application of court rules present questions of law to be reviewed de novo using the principles of statutory interpretation. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

While the circuit court may not have abused its discretion by denying Lamkin's petitions on the facts stated therein, we conclude that the circuit court erred

by dismissing the petitions without interviewing Lamkin or holding a hearing. MCR 3.705 provides, in relevant part:

(A) Ex Parte Orders.

(1) The court must rule on a request for an ex parte order within 24 hours of the filing of the petition.

(2) If it clearly appears from specific facts shown by verified complaint, written petition, or affidavit that the petitioner is entitled to the relief sought, an ex parte order shall be granted if immediate and irreparable injury, loss, or damage will result from the delay required to effectuate notice or that the notice will itself precipitate adverse action before a personal protection order can be issued. In a proceeding under MCL 600.2950a, the court must state in writing the specific reasons for issuance of the order. A permanent record or memorandum must be made of any nonwritten evidence, argument, or other representations made in support of issuance of an ex parte order.

\* \* \*

(5) If the court refuses to grant an ex parte order, it shall state the reasons in writing and shall advise the petitioner of the right to request a hearing as provided in subrule (B). If the petitioner does not request a hearing within 21 days of entry of the order, the order denying the petition is final. The court shall not be required to give such notice if the court determines after interviewing the petitioner that the petitioner's claims are sufficiently without merit that the action should be dismissed without a hearing.

(B) Hearings.

(1) The court *shall schedule a hearing* as soon as possible in the following instances, *unless it determines after interviewing the petitioner* that the claims are sufficiently without merit that the action should be dismissed without a hearing:

(a) the petition does not request an ex parte order; or

(b) the court refuses to enter an ex parte order and the petitioner subsequently requests a hearing.

* * *

(6) At the conclusion of the hearing the court must state the reasons for granting or denying a personal protection order on the record and enter an appropriate order. In addition, the court must state the reasons for denying a personal protection order in writing, and, in a proceeding under MCL 600.2950a, the court must state in writing the specific reasons for issuance of the order. [Emphasis added.]

Court rules are interpreted using the same principles that govern statutory interpretation. *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002). The Court gives the language of court rules their "plain and ordinary meaning." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 458; 733 NW2d 766 (2006). "If the language poses no ambiguity, this Court need not look outside the rule or construe it, but need only enforce the rule as written." *Id.* "Shall" indicates a mandatory provision. *In re Credit Acceptance Corp*, 273 Mich App 594, 600; 733 NW2d 65 (2007). The only circumstance in which the circuit court is not required to conduct a hearing is if, after conducting an interview, the court determines that the petitioner's claims are without merit. MCR 3.705(A)(5).

Lamkin maintains that she did not request ex parte PPOs; rather, she wanted and expected to receive a hearing on the matter or, at a minimum, an "interview" with the circuit court. This was her right. MCR 3.705(B)(1)(a). However, for whatever reason, the court treated Lamkin's petitions as ex parte requests. Before the court could simply deny the petitions, it was required to interview Lamkin or hold a hearing. *Id.* The lower court record offers no indication that Lamkin was

interviewed concerning the merits of her claim. Lamkin then had the right to request a hearing within 21 days of the denial. Lamkin repeatedly invoked her right to a hearing:

- On January 13, 2011, Lamkin filed a "Motion for Relief From Order," specifically requesting that the court "allow a hearing pursuant to a request for hearing requested by the Lamkin's [sic] on all of the their [sic] submitted petitions for personal protection orders."

- On January 14, 2011, Lamkin filed a "Motion for Relief From Judgment Order or in the Alternative a Motion for Reconsideration," again requesting that the court "allow a hearing pursuant to a request for a hearing requested by the Lamkin's [sic] on all of the their [sic] submitted petitions for personal protection orders."

- On March 2, 2001, and through counsel, Lamkin filed a "Motion for Reconsideration of Order Denying Petitioner's January 14, 2011, 'Motion for Relief from Judgment or in the Alternative a Motion for Reconsideration,' " requesting that the court "schedule any appropriate hearings or interviews as required by court rules."

We take issue not with the notice provided Lamkin regarding her right to schedule a hearing, but with the repeated denials of Lamkin's clear requests.

We also note that the circuit court's actions in this case were in contravention of its own internal rules governing PPOs. A petitioner seeking a PPO in Livingston County must sign a **"VERIFICATION/ACKNOWLEDGMENT OF IN-STRUCTIONS FOR FILING A PPO PETITION,"** which includes the following explanation:

The box on the petition asking for an ex-parte order must be checked in order for the Court to review a request for an immediate PPO. If the ex-parte box is not checked a hearing before the judge will have to be set and both the petitioner and respondent are noticed to appear.

Also, in relevant part, the instructions to complete Form CC 377 provide:

> **Follow these steps if you have NOT requested an ex parte order on Form CC 375 or CC 377. If you already filled out the petition and the judge refused to issue an ex parte order, go to step 3.**
>
> **1. Fill out the forms that apply to your situation** using the instructions on the forms.
>
> **2. File the Petition forms with the circuit court clerk.**
>
> Take the forms to the circuit court clerk in the county where you live. Bring 3 sets of statements from witnesses and supporting documents if you have any. The circuit court clerk will finish filling out the form, will attach your written statements and supporting documents to the proper copies, and will return copies of the form to you. **Do not lose these copies.**
>
> **3. Ask for a hearing.**
>
> Ask the clerk to schedule a hearing. The clerk will give you a Notice of Hearing (Form CC 381) to fill out. The clerk will tell you if there are any other things you must do to schedule the hearing. The clerk will give you copies of this form and a blank Form CC 376 or CC 380.

Again, a petitioner seeking a PPO bears the burden of proving reasonable cause for the issuance of a PPO. *Kampf*, 237 Mich App at 385-386. When making that determination, the circuit court is not limited to the four corners of the petition itself; rather, it must consider the testimony, documents, and other evidence proffered to determine whether a respondent engaged in harassing conduct. MCL 600.2950a. Nothing in the statute or court rule suggests that the circuit court is limited to considering the incidents alleged in the PPO petition. Instead, our court rules specifically *require* the circuit court to go beyond the PPO petition and either interview the petitioner or provide an evidentiary hearing.

Because neither of these procedures was followed, the matter must be remanded. In remanding this matter, we take no position on the merits of Lamkin's petitions.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

WHITBECK, P.J., and JANSEN, J., concurred with K. F. KELLY, J.