# STATE OF MICHIGAN

# COURT OF APPEALS

In re HENRY, Minor.

UNPUBLISHED
April 7, 2016

No. 330305
Calhoun Circuit Court
Family Division
LC No. 2015-002186-NA

Before: BOONSTRA, P.J., and WILDER and METER, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to the minor child under MCL 712A.19b(3)(b)(*ii*) (failure to prevent injury or abuse), (3)(g) (failure to provide proper care and custody), and (3)(j) (reasonable likelihood of harm). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Respondent's child was born in 2015 with amphetamine, methamphetamine, and opiates in her system, and suffered severe withdrawal symptoms and respiratory distress almost immediately after her birth. Respondent and the child's putative father[1] were "squatting" (illegally occupying) a home when the child was born and were in the process of being evicted. Respondent was unemployed and had no source of income. Both respondent and the child's father had open criminal cases for controlled substance possession. The child was placed under the care and supervision of petitioner two days after her birth, and remained in the hospital due to her medical issues. The caseworker assigned to respondent testified at the preliminary hearing that respondent maintained telephone contact with the hospital until July 29, 2015, but had missed a meeting on July 31, 2015 and had ceased contacting the hospital. The caseworker had attempted to make contact with respondent at her last known residence but discovered that she no longer lived there and had left no contact information. Respondent never attended any face to face meetings with any caseworkers or hospital employees or attended the medical procedures her child required, including the placement of a shunt in the child's brain. Respondent never completed any services required by petitioner, including substance abuse screening, parenting classes, counseling, and psychological evaluation. Respondent did attend a hearing on

---

[1] The trial court also terminated the parental rights of the child's putative father, but he is not a party to this appeal.

September 2, 2015, and stipulated to an order allowing petitioner to consent to medical treatment for the child. The child was placed in non-relative foster care on October 9, 2015. The child has numerous medical needs, which the foster care providers are equipped to meet by working with several specialists. Respondent never called the foster home or met with the caseworker or other employees of petitioner.

Respondent did not attend the combined adjudication trial and termination hearing on October 23, 2015, although she was represented by counsel. The foster care caseworker told the trial court that she had been informed that respondent had entered a two-week inpatient drug program on September 15, 2015, although this information came from the child's maternal grandmother, not respondent or the child's father, and could not be verified. The caseworker testified that the child was then hospitalized with bronchiolitis and had been diagnosed with "conjunctivitis, genesis of the corpus callosum, a cyst on her brain, candida infection, hydrocephalus, seizures and a chromosomal deletion syndrome." The caseworker testified that the foster parents and the child appeared to be bonded and that the child turns her head when she hears one of the foster parents speak. The caseworker testified that she believed termination was in the best interests of the child.

The trial court held that there was sufficient evidence to enter an order terminating respondent's parental rights. With respect to MCL 712A.19b(3)(b)(*ii*) (failure to prevent injury or abuse), the trial court stated that, although this statutory ground may have been incorrectly pleaded because (3)(b)(*i*) (parent caused physical injury) was more specific to the facts, there was also sufficient evidence to support (3)(b)(*ii*). The trial court reasoned that respondent, while knowingly pregnant, had stopped taking her prenatal vitamins, had failed to regularly attend prenatal visits, and had caused injury to the child. Moreover, the trial court stated that respondent took numerous illicit substances that harmed the child, who was born addicted to a plethora of substances and experienced "the pain of physical injury that she suffered from being born addicted." The trial court further explained that respondent caused the injury, that respondent had the opportunity to prevent the injury by not taking illicit substances, and that she did so anyway. The trial court found that, given the circumstances of respondent's addiction and the child's very special needs, there was a reasonable likelihood of harm in the foreseeable future if the child was placed with respondent. Thus, the court concluded that the statutory ground was met.

With respect to (3)(g) (failure to provide proper care and custody) and (3)(j) (reasonable likelihood of harm), the trial court held that there was sufficient proof to meet these statutory grounds, and explained that these grounds were closely related. With respect to both grounds, the trial court reasoned that respondent was not capable of providing the proper care or custody for the child because of the extreme nature of respondent's substance abuse and drug addiction. For these same reasons and because of the child's special needs, the trial court found that there was not a reasonable expectation that respondent would be able to provide proper care of custody within a reasonable time considering the child's age and that there was a reasonable likelihood of harm if the child were to be returned to respondent's care.

This appeal followed.

## II. STANDARD OF REVIEW

Respondent's sole argument on appeal is that her parental rights should not have been terminated because she has a constitutional right to parent her child. Because respondent's argument is unpreserved, we review the issue for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8-9; 761 NW2d 253 (2008), citing *People v Carines*, 460 Mich 750, 763, 774; 597 NW2d 130 (1999).

## III. ANALYSIS

Although respondent is generally correct that parents have a fundamental right to parent their children, the trial court did not err in this case in terminating respondent's parental rights to the child.

It is beyond dispute that parents have a fundamental right regarding the care, custody, and control of their child. See *In re Sanders*, 495 Mich 394, 409; 852 NW2d 524 (2014). However, "[a] parent's right to control the custody and care of her children is not absolute, as the state has a legitimate interest in protecting 'the moral, emotional, mental, and physical welfare of the minor' and in some circumstances 'neglectful parents may be separated from their children.'" *Id*. at 409-410, quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551 (1972). Before a parent is deprived "of the right to direct the care, custody, and control of their children," they have "the right to an adjudication," *Sanders*, 495 Mich at 418, and parents are "constitutionally entitled to a hearing on their fitness before their children are removed from their custody," *id*. at 412 (quotation marks and citation omitted). When jurisdiction is assumed over the child, the trial court "has broad authority in effectuating dispositional orders" that are "appropriate *for the welfare of the juvenile and society* in view of the facts proven and ascertained." *Id*. at 406 (emphasis added). Thus, once a court assumes jurisdiction over a child, the State's interests in protecting the child prevail over the parent's constitutional rights. *Id*. at 406, 409-410.

Here, it is undisputed that respondent had a constitutional right to the care, custody, and control of her child. *Sanders*, 495 Mich at 409. However, the State also had an interest in protecting "the moral, emotional, mental, and physical welfare" of the minor child, *Sanders*, 495 Mich at 409-410, and, when it was alleged that respondent was unfit to parent the minor child, she was entitled to a hearing regarding her fitness as a parent before the trial court assumed jurisdiction over the child. *Id*. at 412, 418. Respondent was afforded a jurisdictional hearing, and she concedes on appeal that the trial court properly took jurisdiction over the minor child. Once the trial court assumed jurisdiction over the minor child, the State's interests in protecting her prevailed over respondent's constitutional rights. *Id*. at 406, 409-410. While respondent argues on appeal that "a great disservice" occurred when the trial court terminated her parental rights at the initial dispositional hearing, the trial court was required to terminate respondent's parental rights at the dispositional hearing because: (1) the petition requested termination; (2) the trial court found by a preponderance of the evidence that one or more of the grounds for assuming jurisdiction under MCL 712A.2(b) were established; (3) the trial court found on the basis of clear and convincing legally admissible evidence that at least one statutory ground for termination was proven; and (4) the trial court found that termination was in the minor child's best interests. MCR 3.977(E) (providing that "the court shall order termination of the parental

rights of a respondent at the initial dispositional hearing" if MCR 3.977(E)(1) through (4) are met); *Lamkin v Engram*, 295 Mich App 701, 709; 815 NW2d 793 (2012) (" 'Shall' indicates a mandatory provision"). Respondent does not challenge the procedures, statutory grounds, or best interest determination in any way.[2] Because respondent was determined to be unfit as a parent and because her rights yield to the State's interest in protecting the minor child, respondent's constitutional rights with respect to the minor child were not violated, *Sanders*, 495 Mich at 406, 409-410, and there was no plain error, *Utrera*, 281 Mich App at 8-9.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter

---

[2] We note that were we to review the trial court's determinations regarding statutory grounds and the best interests of the child, we would find no clear error in, at a minimum, the trial court's determinations that the statutory grounds found in MCL 712A.19b(3)(g) were proven by clear and convincing evidence, and that the termination was in the child's best interests. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011); MCR 3.977(K); *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).