*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE ANISE ELLINGTON,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
August 19, 2025
1:32 PM

No. 367042
Wayne Circuit Court
LC No. 22-004417-NI

Before: BORRELLO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

Plaintiff, Michelle Ellington, appeals as of right a stipulated order dismissing her claims against defendant, State Farm Mutual Automobile Insurance Company. We dismiss her appeal for lack of jurisdiction.

## I. BASIC FACTS

This case arises out of a hit-and-run automobile collision on March 24, 2022. When police arrived on the scene, Ellington was unresponsive and was transported to a hospital. At the time, Ellington was insured by State Farm. Her automobile insurance policy with State Farm identified her as the named insured and included coverage for uninsured/underinsured motorists. Ellington, however, opted out of personal protection (PIP) coverage.[1] The declarations page of her policy provided that she had "No Coverage For Medical Expense."

---

[1] "The goal of the no-fault insurance system was to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses," including PIP benefits. *Donner v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365477); slip op at 4 (quotation marks and citation omitted). However, "[i]n 2019, the Legislature made significant changes to the no-fault act in an effort to control the cost of automobile insurance,

-1-

On April 14, 2022, Ellington filed a single-count complaint against State Farm, contending that State Farm had failed to pay her uninsured/underinsured motorist benefits—including medical expenses—that were due under her policy of issuance. State Farm eventually moved for partial summary disposition, asserting that by opting out of PIP benefits, Ellington was also precluded from seeking any medical benefits as part of her uninsured/underinsured motorist claim. Following oral argument on the motion, the trial court agreed.[2] And, on October 12, 2022, the court entered an order partially dismissing Ellington's uninsured/underinsured motorist claim by dismissing with prejudice Ellington's "claims for allowable medical expenses against" State Farm. The court later denied Ellington's motion for reconsideration.

Subsequently, the parties were able to reach a settlement agreement, and on June 28, 2023, Ellington signed a release of her uninsured motorist claim against State Farm.[3] In pertinent part, the release provides:

---

including allowing insurance applicants to opt out of PIP benefits from an insurer under certain conditions." *Id*, citing MCL 500.3107d(1).

[2] On appeal, Ellington asserts that the trial court erred because there is no language in her automobile insurance policy precluding her from seeking medical benefits that may be allowable as part of her uninsured/underinsurance motorist coverage. She stresses that she only contractually agreed to opt out of receiving PIP benefits, not to receiving *all* medical benefits available in her automobile insurance policy. Because we conclude that we lack jurisdiction over this appeal, that issue will have to be resolved in a later appeal involving different parties.

[3] Ellington's lawyer has acknowledged on appeal that the release is "authentic." Generally, a party may not expand the record on appeal. *Lamkin v Engram*, 295 Mich App 701, 702 n 2; 815 NW2d 793 (2012). However, given that the authenticity of the release is not being challenged, we shall permit its addition to the record in this case. See MCR 7.216(A)(4) (indicating that this Court has discretion to allow additions to the record on terms that this Court deems to be just). For completeness, we also expand the record to include an affidavit addressing the release from Ellington's lawyer.

In the affidavit, Ellington's lawyer avers that the parties to the release did not intend that the language used would preclude Ellington from maintaining her claim for medical benefits allowable under the uninsured/underinsured coverage. However, the use of parol evidence is available to explain the intent of the parties only when there is an ambiguity in the contract. *Shay v Aldrich*, 487 Mich 648, 671-672; 790 NW2d 629 (2010). Here, the language used in the release unambiguously provides that Ellington is releasing and forever discharging State Farm "for all remaining uninsured motorist claims related to the March 24, 2022 incident." And, although there is language expressly preserving her right to maintain a claim for "PIP benefits," there is no language indicating that she is also maintaining the right to appeal the portion of her uninsured motorist claim that the trial court dismissed by stipulation (and for which, at the time the release was signed, a claim of appeal by right was still possible). Accordingly, even if we were to conclude that we had jurisdiction over this appeal, we would conclude that Ellington's appeal was moot because she released State Farm from the remaining uninsured motorist claims related to her

[Ellington] hereby releases and forever discharges State Farm for all remaining uninsured motorist claims related to the March 24, 2022 incident. **This release is limited solely to [Ellington's] claim for uninsured motorist benefits against State Farm.** It does not affect any claim that [Ellington] may have for personal injury protection benefits. [Emphasis in original.]

Thereafter, July 12, 2023, the trial court entered a stipulated order dismissing the case. The order provided:

Upon stipulation of the parties, it is agreed that [Ellington's] claims against Defendant State Farm Mutual Automobile Insurance Company shall be dismissed with prejudice and without costs to either party.

The order was signed by the trial court judge and by the lawyers for State Farm and Ellington. This appeal follows.

## II. JURISDICTION

### A. STANDARD OF REVIEW

State Farm challenges this Court's jurisdiction to review this case on the basis that Ellington failed to reserve her right to appeal in the stipulated order dismissing the case. Challenges to this Court's jurisdiction are reviewed de novo. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009).

### B. ANALYSIS

Generally, "[a] party claiming an appeal of right from a final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6, 767 N.W.2d 660 (2009) (quotation marks and citation omitted). However, not all final orders are appealable as of right. Instead, under our court rules, there is also a requirement that the party claiming an appeal of right from a final order be an "aggrieved party." MCR 7.203(A)(1). "To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency." *Federated Ins Co v Oakland Co Rd Comm'm*, 475 Mich 286, 291; 715 NW2d 846 (2006) (quotation marks and citation omitted). It has long been the rule in Michigan that a party "cannot appeal from a consent judgment, order or decree." *Dora v Lesinski*¸ 351 Mich 579, 582; 88 NW2d 592 (1958). Indeed, it is well-established that "a party cannot stipulate a matter and then argue on appeal that the resulting action was error." *Begin v Michigan Bell Telephone Co*, 284 Mich App 581, 585; 773 NW2d 271 (2009), overruled in part on other grounds by *Admire v Auto-Owners Ins Co*, 494 Mich 10, 34; 831 NW2d 849 (2013) (quotation marks and citation omitted). See also *Jaber v P & P Hospitality, LLC*, ___ Mich App

---

motor-vehicle crash. See *Garrett v Washington*, 314 Mich App 436, 449-450; 886 NW2d 762 (2016) (stating that this Court will not decide a moot issue and explaining that "[a]n issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy.") (quotation marks and citation omitted).

___, ___; ___ NW3d ___ (2024) (Docket No. 363572); slip op at 2 (stating that a consent judgment is generally not appealed by right, but that such a judgment "may be appealable when a reservation of rights is included.").

A stipulated order of dismissal is an agreement "reached by and between the parties," and if accepted by the trial court, such stipulated orders "are generally construed under the same rules of construction as contracts." *Spires v Bergman*, 276 Mich App 432, 441; 741 NW2d 523 (2007) (quotation marks and citation omitted). Accordingly, in cases where a party reserves the right to appeal an issue in a stipulated order of dismissal, Michigan courts have given effect to that contractual agreement. See *Travelers Ins v Nouri*, 456 Mich 937 (1998) (stating that an appeal of right in the Court of Appeals "is available from a consent judgment in which a party has reserved the right to appeal a trial court ruling."). See also *Kocenda v Archdiocese of Detroit*, 204 Mich App 659, 666; 516 NW2d 132 (1994) ("We decline to address the issues raised by defendants on cross appeal, because defendants did not condition their stipulation and consent to the court's final orders upon the right to appeal the court's earlier refusal to grant their motion for summary disposition.").

Recently, this Court has determined that a party "may raise issues arising out of an earlier order relating to one party, even if the appellant has failed to reserve the right to appeal in a subsequent, stipulated order of dismissal as to another party." *Jaber*, ___ Mich App at ___; slip op at 2. In doing so, the *Jaber* Court noted:

> P & P was not a party to the stipulation to dismiss agreed to by the aggrieved party (plaintiff) and Randall. As a nonparty to that agreement, P & P should not be permitted to dictate that plaintiff was required to include a reservation of the right to appeal the earlier ruling in P & P's favor. [*Id*. at ___; slip op at 10.]

However, the *Jaber* Court expressly declined to consider the question at issue in this appeal, i.e., whether a party "may raise issues arising out of an earlier order if the [party], while failing to reserve the right to appeal, subsequently enters into a stipulated order of dismissal as to the same party that was the subject of the earlier order." *Id*. at ___; slip op 2 n 3.

Here, the parties to the stipulated order are Ellington and State Farm. The language that the parties chose to use is broad, indicating that Ellington's "claims against Defendant State Farm Mutual Automobile Insurance Company shall be dismissed with prejudice and without costs to either party." Review of Ellington's complaint reveals that she only brought a single claim for uninsured/underinsured motorist coverage. Although the trial court's earlier order precluded her from recovering medical expenses under that claim, there is no language reserving the right to appeal that earlier decision. We cannot say that, having agreed without reservation to the dismissal of her "claims" against State Farm, that Ellington is an aggrieved party. As a result, this Court lacks jurisdiction to hear her appeal. See MCR 7.203(A)(1).[4]

---

[4] The *Jaber* Court recognized that this Court retains the ability to "exercise its discretion to treat a claim of appeal as a granted application for leave to appeal for reasons of judicial economy." *Jaber*, ___ Mich App at ___; slip op at 10. We decline to do so here.

Dismissed for lack of jurisdiction.  State Farm may tax costs as the prevailing party.  MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock